This was a writ of dower tmde nihil habet, brought in the circuit court of Cumberland, by Susanna Hanghorne, widow of William Hanghorne deceased, against Thomas Hobson, to recover dower of land of her deceased husband, now claimed and held by Hobson. Hobson pleaded, that William Hanghorne, the husband, in his lifetime, and the plaintiff Susanna his wife, by deed of bargain and sale, dated the 25th November 1807, and duly executed by her *as well as by her husband, according to the statute in such case made and provided, conveyed the land whereof the plaintiff claimed dower, to the defendant in fee, by which deed, so duly executed by the plaintiff, she conveyed and released to the defendant her right of dower in the land. And upon this plea, an issue was made up.
The point thus put in issue, and the only point in controversy, was, whether the plaintiff had duly executed the deed of the 25th November, 1807, under which the defendant claimed, so as to make it her deed as well as her husband’s, according to the statute of 1792?* At the trial, the plaintiff filed two bills of exceptions to opinions of the court—
The first stated that the defendant, to sustain the issue on his part, offered in evidence, — dst, A deed of bargain and sale, dated the 25th November 1807, purporting, in the premises, to be the deed of William Langhorne and Susanna his wife of the county of Cumberland, and appearing *to be signed and sealed by the wife as well as the husband, whereby the land of which she now claimed her dower, described as lying in that county, was conveyed to the defendant, in fee. 2ndly, A commission, issued by the clerk of the county court of Cumberland, dated the 2nd May Í809, and directed to John Woodson and Samuel Hobson (without describing them as justices of the county, though they were so in fact) by which, after reciting the execution of the deed by Hanghorne and wife, and that she could not conveniently travel to the county court to make acknowledgment thereof, the commissioners were empowered to receive the acknowledgment, that the wife should be willing to make before them, of the deed, which was annexed to the commission; and then the commission proceeded in these words— “And we do, therefore, command you, that you do personally go to the said Susanna, and receive her acknowledgment of the said conveyance, and examine her privily and apart from the said William Hanghorne, her husband, whether she doth the same, freely and voluntarily, without his persuasions or threats; and whether she be willing that the same shall be recorded in our said county court of Cumberland; and when you have received her acknowledgment and examined her as aforesaid, that you distinctly and openly certify us thereof in our said court, under your seals, sending then there the said deed and this writ.” 3rdly, A certificate of the two justices and commissioners, tinder their hands and seals, indorsed on the commission, in these words — “In obedience to the within commission to us directed, we have personally waited on the within named Susanna Hanghorne, wife ol the within named William Hanghorne, and examined her privily and apart from her said husband; and she the said Susanna acknowledged the deed hereto annexed, to be her act and deed, and declared that she did the same freely and voluntarily, without the persuasion or threats of her said husband, and also relinquished her right of doiver in the land within mentioned conveyed by the said deed, and is willing that the same with *this her acknowledgment should be recorded in our county court of Cumberland — we the subscribers having read the said deed and explained the same to the said — — ” [here, there was a blank]. — “All which” (it was stated in this bill of exceptions) “had been duly recorded in the county court of Cumberland.” And 4thly, The testimony of Samuel Hobson, one of the commissioners, the other John Woodson being dead, that Hobson’s signature to the certificate was written by himself, and Woodson’s signature by him, to authenticate the same as their joint official act. Whereupon, the plaintiff’s counsel moved the court to exclude the commission and the certificate thereon indorsed, from going in evidence to the jury, on the ground, that the commission and certificate were not duly conformable with the statute in such case made and provided: but the couri overruled the objection, and admitted the evidence: to which the plaintiff’s counsel excepted.
The second bill of exceptions staled, that the deed of bargain and sale of Langfaorne and wife (in the first bill of exceptions mentioned) was offered in evidence, with the certificate of the clerk of the county court, thereon indorsed, in these words — • “Cumberland, December court, 1807, this deed was acknowledged and ordered to be recorded” — and that the commission for *922 the privy examination of the wife, and the certificate of her privy examination, were also offered in evidence (without stating, in this bill of exceptions, that these had also been recorded); whereupon the plaintiff’s counsel moved, that the deed, commission and certificate, should be excluded from going in evidence to the jurj', because the deed had not been recorded together with the privy examination, after it had been signed by the wife, and acknowledged by her to be her act and deed, as certified by the commissioners: but the court overruled this .objection also, and admitted the evidence: to which the plaintiff’s counsel excepted.
There was a verdict and judgment for the defendant; from which the plaintiff appealed to this court. And now, *the cause was argued here, by Taylor for the appellant; there was no counsel for the appellee.
Taylor said, that the commission which issued from the clerk’s office under which the privy examination of the wife was made, did not conform with the provisions of the statute. The statute required that the deed should be shewn to the feme covert, and explained to her, by the commissioners; the commission did not require them to shew and explain it to her: and if they did so, in fact, they exceeded the authority given them by the commission. The statute required, that the feme covert should declare before the commissioners, that she had willingly signed and sealed the deed; the commission in this case, did not require, that she should be asked, whether she had willingly signed and sealed it, or even whether she had signed it, or sealed it, at all, but only whether she then acknowledged it. But if the commission was in proper form, and gave authority to the commissioners to do every thing that the law required, still it is plain, the commissioners did not perform the duties imposed pn them by the statute; at least, it does not appear by their certificate, that they did: they neither certified, that they shewed her the deed, nor that she de ■ dared to them she had willingly signed and sealed it,' or that she wished not to retract it. If the form of this commission, and certificate of privy examination, be sufficient, and shall be adjudged to be a compliance with the statute; then, a deed executed by the husband, without the signature or seal of the wife, if two justices of the peace, to whom a commission shall be issued to take and certify the privy examination of the wife, shall certify that she acknowledged the deed before them, and consented that it might be recorded, although her name and seal may be affixed to the deed, at any time afterwards, by any person, without her knowledge or consent, such deed would conyey her inheritance, or possibility of dower, against the plain words and obvious meaning of the statute.
The provisions of the statute were designed to protect the rights *of the wife, not only against any fraud or imposition which the husband might be disposed to practise upon her, but against fraud and imposition from every quarter, and even against her own hasty and inconsiderate acts; and it was with this intent that it required, in case of a privy examination of a feme covert taken out of court, the presence of at least two commissioners, being justices of the peace, to act jointly and not separately: it required the commissioners to shew the feme covert the deed, in order that a spurious conveyance might not be imposed upon her: it. re'quired, that they should explain the conveyance to her, that she might not part with any right which she did not willingly and deliberately intend to part with: it also required, that she should inform the commissioners, that she had willingly signed and sealed the conve3Tance, and that she wished not to retract it, not that she acknowledged to them a writing to be her deed, at the time neither signed nor sealed by her, to be used as authority by the grantee, or any other person, to set her name and seal to it at any after time, and thereby make it an effectual conveyance or 1 release of her rights. The statute obviously authorized the feme covert to annul her previous acts of signing and sealing, if she desired to retract them, at the very period of privy examination. The case of Ware v. Cary, 2 Call, 263, is not an authority for the judgment of the circuit court. It is true, the commission and privy examination, in this case, are like the commission and privy examination in that: but there, the commission and privy examination were in conformity with the statute of 1748, ch. 1, $ 6, 5, Hen. Stat. at large, p. 410, under which the deed was executed, and the privy examination taken : here, the commission and privy examination were still conformed with the statute of 1748, though the deed was executed by the husband, and the privy examination of the wife was taken, not under that statute, but under the statute of 1792, which made many material alterations in the law on the subject, and enacted new provisions, manifestly for the purpose of more effectually guarding and protecting “the rights and interests of femes covert. The enacting of these new provisions by the statute of 1792, evinced the legislative sense of their importance; but if the commission and privy examination, in this case, shall be held good, they being exactly in form and substance what the statute of 1748 required, it must be because the new provisions of the statute of 1792, not one of which was complied with, should be regarded as wholly idle and nugatory. It has been well said, that “it is clear, upon well received principles, that this statute must be strictly pursued; for it is an innovation upon the common law; and, moreover, it prescribes a mode in which a person may convey, who was before disabled to convey: that mode must, therefore, be pursued; and as we do not pursue it, if we vary from it, so it follows, that it must be strictly complied with.” 1 Tucker’s notes on Blac. Comm, book 2, ch. 17, p. 2S9.
As to the second bill of exceptions, he said, the question whether the opinion of the circuit court therein stated, was correct or no, depended on the construction of the statute of 1792; the wurds’of which, in relation to this point, were — “In either case, *923 the said writing, acknowledged also by the husband, or proved by witnesses to be his act, and recorded together with such privy examination and acknowledgment before the court, or together with such commission and certificate, shall not only be sufficient to convey or release any right of dower thereby intended to be conveyed or released, but be as effectual for every other purpose, as if she were an unmarried woman.” The circuit court (as he understood the bill of exceptions) decided, that at the time the deed in question was admitted to record upon the acknowledgment of William Banghorne, the husband, it was not necessarj', that it should have been signed and sealed by the wife, but that her signature and seal put to the deed at or before the privy examination, would make it a good and sufficient deed to bind her interests. The statute most cer-tainljT required, that the deed should be signed and sealed by the wife, as well as by the husband, and be recorded, not when it was *the deed of the husband only, but after it had been signed and sealed by the wife. If the deed was signed and sealed by the husband only, and was admitted to record upon his acknowledgment, and was afterwards signed and sealed by the wife, it became by this subsequent signing and sealing of the wife, a new and a different deed from the deed of the husband which had been recorded. It was this new deed which only became the deed of the husband and wife, by her subsequently signing, sealing and delivering it, that the statute required should be recorded, to bind the rights of the wife; but it never was recorded, and therefore did not bind her rights.
Sed per curiam, the opinions of the circuit court are correct, and the judgment is affirmed.

Old Rev. Code, ch. 90, § 6: Pleasant’s edi. p. 157, 8. The words of the statute, are — "When husband and wife hare sealed and delivered a writing', purporting to be a conveyance of any estate or interest, if she appear in court, and being examined privily and apart from her husband, by one of the judges thereof, shall declare to him that she did freely and willingly seal and deliver the said writing, to be then shewn and explained to her. and wishes not to retract it, and shall before the said court acknowledge the said writing, again shewn to her, to be her act, — or it before two justices of the peace of that county in which she dwelleth, if her dwelling lie in the united States of America, who may be empowered by commission, to be issued by the clerk of the court wherein the writing ought to be recorded, to examine her privily, and take her acknowledgment, the wife being examined privily and apart from her husband by those commissioners, shall declare that she willingly signed and sealed the said writing, to be then shewn and explained to her by them, and consenteth that it may be recorded, and the said commissioners shall return. with the commission, and thereunto annexed, a certificate under their hands and seals of such privy examination by them, and of such declaration made and consent yielded by her, - in either case, the sa id writing, acknowledged also 1)3" the husband, or proved 1)3" witnesses to be his act, and recorded together with such her privy examination and acknowledgment before the court, or together with such commission and certificate, shall not only be sufficient to convey or release any right of dower thereby intended to be conveyed or released, but be as effectual for every other purpose, as if she were an unmarried woman.” — "Note in Original Edition.